UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:98 CR 103 |
| | ) | |
| REINALDO ANTONIO AROCHO | ) | |
|     Defendant | | |

## OPINION and ORDER

Defendant Reinaldo Arocho has filed a motion he styles as a "Motion To Clarify Judgement [sic] And Commitment Pursuant To The Order In Which Fines Are To Be Paid." (DE # 566.) The argument that Mr. Arocho makes in the motion is somewhat confusing in that he contends that this court improperly delegated to the Bureau of Prisons ("BOP") responsibility to establish a fine payment schedule pursuant to 18 U.S.C. § 3572(d)(1), while simultaneously arguing that the court did set a payment schedule of $2.00 per month while he is incarcerated and so requesting that it "order the B.O.P. [to] follow his Judgement [sic] and Commitment." (DE # 566 at 2.) The court is able to discern, however, from a letter Mr. Arocho wrote earlier, what he is getting at. He believes it is wrong for the BOP to require him to pay more than $2.00 a month towards his fine or otherwise face restrictions on his privileges. (DE # 565).

When the court sentenced Mr. Arocho it ordered him to pay a total fine of $5,000.00. Further, the court ordered: "The total fine shall be paid in equal monthly installments of $ 2.00 during the period of incarceration through the inmate financial responsibility program." It should be noted that this is not a judgment order requiring

Mr. Arocho to participate in the inmate financial responsibility program ("IFRP"), which program is voluntary. 28 C.F.R. § 545.10-.11. However, the BOP can deny privileges to inmates who choose not to participate. 28 C.F.R. § 545.11(d). Instead, the judgment order establishes a minimum payment obligation, and having chosen to participate in the IFRP, the BOP has the discretion to demand that Mr. Arocho make larger payments than the minimum required by the court's schedule. The BOP:

> does not need judicial permission to remit money from a prisoner's account, with or without the prisoner's assent. It has ample authority to set the terms on which inmates are held. Whether inmates make any money during their captivity, and, if they do, how much must be paid to creditors, are subjects well within the authority of the Executive Branch. See 28 C.F.R. § 545.11 and Program Statement P5380.08 (amended Aug. 15, 2005), which set out the details of the Inmate Financial Responsibility Program.
> Courts are not authorized to override the Bureau's discretion about such matters, any more than a judge could dictate particulars about a prisoner's meal schedule or recreation (all constitutional problems to the side).

*United States v. Sawyer*, 521 F.3d 792, 794 (7th Cir. 2008). The restrictions on his privileges that Mr. Arocho faces if he does not make the larger payments expected by the BOP are the same penalties he would face were he to choose not to participate in the IFRP at all. *See* 28 C.F.R. § 545.11(d).

Furthermore, this court has no authority to intervene in the BOP's running of the IFRP. *United States v. Vasquez*, 333 Fed. Appx. 125, 126 (7th Cir. 2009.) If Mr. Arocho is "dissatisfied with a warden's administration of the Inmate Financial Responsibility Program [he] may appeal within the Bureau of Prisons, see 28 C.F.R. § 545.11(d), and

2

may be able to obtain judicial review of the Bureau's final decision under the Administrative Procedure Act. 5 U.S.C. § 702." *Sawyer*, 521 F.3d at 794. Unless and until he exhausts that administrative remedy, it would be premature for this court to act. *Vasquez*, 333 Fed. Appx. at 126.

Last, Mr. Arocho requests in the alternative that his "fine be waived or stopped until he is released." (DE # 566 at 2.) The court has no present authority to do this, either. A fine is a component of a final judgment, and it can be modified only in the circumstances listed in 18 U.S.C. § 3572(c), none of which are present.

For these reasons, Mr. Arocho's "Motion To Clarify Judgement [sic] And Commitment Pursuant To The Order In Which Fines Are To Be Paid," (DE # 566), is **DENIED**.

                              **SO ORDERED.**


    ENTER: February 7, 2013


                               s/ James T. Moody
                              JUDGE JAMES T. MOODY
                              UNITED STATES DISTRICT COURT